IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                                                  Civ. No. 1:18-cv-1236

$3,160.00 IN UNITED STATES CURRENCY,

    *Defendant-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.  This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C § 981(a)(1)(C).

**DEFENDANT *IN REM***

1.  The defendant *in rem* consists of the following:

    i.  Three thousand One hundred and Sixty ($3,160.00) in United States Currency, (hereafter referred to as "Defendant Currency").

2.  The Defendant Currency was seized by the Drug Enforcement Administration on August 26, 2018, in the District of New Mexico.

3. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On August 24, 2018, Drug Enforcement Administration (DEA) Special Agent Perry reviewed an Amtrak Train Passenger Name Record (PNR) in the names of Lorenzo Maximo and Yazmeen Lopez, who had purchased one-way tickets from Los Angeles, California to Wichita, Kansas in the amount of $372.00 in cash. The tickets were purchased on August 23, 2018, 36 minutes prior to the Amtrak Train departure at 6:00 p.m. The PRN reflected travel in the coach section of the Amtrak Train number four.

8. On August 24, 2018 Special Agent Perry approached Maximo and Lopez during the regularly Amtrak Train stop in Albuquerque. Special Agent Perry conducted a consensual search of Maximo's and Lopez's carry-on duffel bag and backpack for contraband and revealed no contraband. Maximo said that he had a job interview the following day, Saturday, August 25, 2018 at 10:00 a.m. and that they may be returning to California the following day. Maximo did not have appropriate clothing with him for his job interview. Maximo and Lopez continued with their trip.

9. On August 26, 2018, Special Agent Perry encountered Maximo and Lopez at the Amtrak Train Station in Albuquerque, New Mexico. Maximo and Lopez made their trip from California to Wichita, Kansas on August 25, 2018 and on August 26, 2018 in less than 24 hours purchased their return tickets to California and paid $1,033.00 in cash.

10. When Agent Perry presented his DEA badge to Maximo and Lopez he identified himself as a police officer. Maximo and Lopez consented to questioning. Maximo told Special Agent Perry his interview went excellent and that the company he interviewed with "Buffalo" gave him something to work on. Maximo confirmed that the company he interviewed with paid for his return ticket in cash.

11. After receiving permission from Maximo and Lopez, Special Agent Perry searched their carry-on backpacks and the bedroom for contraband which were negative.

12. Special Agent Perry noticed a large bulge in the lower abdomen of Maximo, and was denied permission to search his person. After Maximo refused the instruction of a pat down, Special Agent Perry handcuffed Maximo in order to conduct the pat down of his person while Maximo resisted. During the pat down search of Maximo's person large bundles of money were exposed on Maximo's waist, lower abdomen and inside of his socks.

13. Maximo disclosed to Agent Perry that Lopez was concealing loose bundles of money in the socks that she was wearing.

14. Special Agent informed Maximo and Lopez that the money that they had concealed on their person was being seized as proceeds from illegal narcotics. Special Agent Perry and TFO S. Chavez filled out a personal property receipt of the United Sates Currency and provided Maximo and Lopez with a copy.

## FIRST CLAIM FOR RELIEF

15. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

16. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

17. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

19. Title 18 U.S.C. § 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

20. 18 U.S.C § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate

the promotion, management, establishment, or carrying on, or any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

21.     Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
Acting United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12-31-2018

Jarrell W. Perry, Special Agent
Drug Enforcement Administration